UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY M. JAGOS and
KATHY A. JAGOS,

    Plaintiffs,                                              Case No. 13-10718

v.

                                                    Hon. John Corbett O'Meara

MORTGAGE ELECTRONIC SYSTEMS, INC.,

    Defendant.
    _____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant Mortgage Electronic Systems, Inc.'s ("MERS") motion to dismiss, filed February 27, 2013. Plaintiffs submitted a response on March 22, 2013; MERS filed a reply brief on April 11, 2013. Plaintiffs also submitted a motion to strike MERS's reply brief. Finding that MERS properly filed a reply brief under the applicable local rule, the court will deny Plaintiffs' motion to strike. For the reasons explained below, the court will grant Defendant's motion to dismiss.

**BACKGROUND FACTS**

Plaintiffs filed this quiet title action against MERS in state court; it was removed to this court on February 20, 2013. Plaintiffs seek to quiet title with respect to real property located at 6776 N. Burkhart Road, Howell, Michigan. Plaintiffs purchased the property in 2001. In 2005, Plaintiffs obtained a loan from Flagstar Bank in the amount of $255,000. As security for the loan, Plaintiffs executed a mortgage naming MERS as the mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns." Compl. at Ex. 5. The mortgage provides that

"Borrower does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, [Plaintiffs' property]." Id.

Acting as nominee for Flagstar, MERS assigned the mortgage to the Federal National Mortgage Association ("Fannie Mae").  The assignment was recorded with the Livingston County Register of Deeds on February 19, 2013.  Although it appears that Plaintiffs are in default on their loan, no foreclosure proceedings have been commenced and no sheriff's sale has been conducted.  Nonetheless, Plaintiffs seek to quiet title, arguing that the mortgage was not assigned, MERS does not have the legal capacity to be the mortgagee, MERS has no perfected lien against the property, and that Flagstar has been paid in full for the loan, thereby extinguishing Plaintiffs' debt.

## LAW AND ANALYSIS

MERS seeks dismissal of Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6), on various grounds.  Before addressing the merits, however, the court must ensure that Plaintiffs' claim is ripe for review.  Ripeness is a threshold jurisdictional matter.  "The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal courts are not permitted to render advisory opinions." Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992) (citation omitted).  "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised sua sponte if not raised by the parties." Id.  A "claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as

anticipated, or indeed may not occur at all.'" Cooley v. Granholm, 291 F.3d 880, 883-84 (6th Cir. 2002) (citation omitted).

Here, Plaintiffs have not alleged that an actual case or controversy exists between them and MERS. MERS has neither initiated foreclosure proceedings nor done anything to assert that it has superior title to Plaintiffs' property. In cases where there has been no foreclosure sale, courts have found that quiet title claims are not ripe for review. See McCraney v. Bank of America, 2012 WL 3065449 at *1-2 (E.D. Mich. July 27, 2012); Allemon v. Countrywide Home Loans, Inc., 2012 WL 5300344 at *2-3 (E.D. Mich. Oct. 25, 2012) ("At the present time, no other entity is claiming superior title and there is nothing to 'quiet' in the instant case."); Minneweather v. Wells Fargo Bank, N.A., 2012 WL 5844682 at *4 (E.D. Mich. Nov. 19, 2012) ("[A] foreclosure sale has not occurred. Therefore, plaintiffs' quiet title claim is not ripe for judicial review."); Yaldo v. Deutsche Bank Nat'l Trust Co., 2010 WL 4940024 at *5 (E.D. Mich. Nov. 30, 2010) ("Because there are no competing claims to title, there is nothing to quiet."). Because Plaintiffs' claim is not ripe for review, the court lacks jurisdiction over this matter.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike is DENIED.


          s/John Corbett O'Meara
          United States District Judge

Date: June 13, 2013


I hereby certify that a copy of the foregoing document was served upon the parties of

record on this date, June 13, 2013, using the ECF system and/or ordinary mail.

                                            s/William Barkholz  
                                            Case Manager